**In re William J. HOLLAND and Patricia A. Holland, his wife, Debtors.**

**Bankruptcy No. 80–0002–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 6, 1987.

See also, Bkrtcy., 75 B.R. 321.

Billie Tarnove, Marvin C. Gutter, Ft. Lauderdale, Fla., for debtors.

Jose F. Deleon, Trial Attorney—Tax Div., U.S. Dept. of Justice, Washington, D.C., Leon B. Kellner, Miami, Fla., for U.S.

## ORDER FINDING INTERNAL REVENUE SERVICE IN CIVIL CONTEMPT

A. JAY CRISTOL, Bankruptcy Judge.

The Court, having conducted a hearing on April 15, 1987, which hearing was concluded on June 24, 1987, on Debtors' Amended Motion for Civil Contempt against the Internal Revenue Service, at which time the testimony of the witnesses and documents were received into evidence, hereby issues the following Order based on the Findings of Fact set forth below:

### I

### FINDINGS OF FACT

The Court finds the following facts:

1. On January 3, 1980, Debtors filed a Petition for Bankruptcy under Chapter 11, which was later converted to a Chapter 7 case.

2. As part of the bankruptcy, Debtors filed a schedule listing individual income taxes due for the taxable years 1972, 1973 and 1975.

3. The Internal Revenue Service filed a Proof of Claim for said taxes, which was later amended to include taxes for the years 1976, 1977, 1978 and 1979.

4. The Debtors objected to the claim of the Internal Revenue Service maintaining that there was an available net operating loss carryback from the taxable year 1976, which would eliminate the tax liabilities claimed by the Internal Revenue Service for the years 1972, 1973 and 1975. As a result of this objection, the claim of the Internal Revenue Service was put in abeyance and the Internal Revenue Service was ordered to conduct an audit of the Debtors' tax returns for 1977, 1978 and 1979. The Court finds that the Revenue Agents acted on false assumptions with respect to Debtors' conduct, and proceeded in an overzealous manner to assess highly inflated liabilities which were incorporated into a Proof of Claim filed in this case.

5. The Internal Revenue Service filed a lien (the "Lien") with respect to the claimed liabilities for the taxable years 1973 and 1975.

6. In lieu of an adversary proceeding with respect to the Debtors' pending objection to the claim of the Internal Revenue Service, as amended, the Debtors and the United States arrived at an agreed settlement and the Court memorialized the agreement of the parties in an Order dated July 10, 1985 (the "Agreed Order"). Pursuant to the Agreed Order, the assets of the bankrupt estate, after a reasonable allowance for cost of administration, were to be turned over to the Internal Revenue Service. In consideration thereof, the Court ordered that the Lien was to be released and the balance claimed with respect to income taxes due from the Debtors for the taxable years 1972, 1973 and 1975 was discharged. In contrast thereto, the Agreed Order stated that the claim of the Internal Revenue Service relating to Debtors' tax liabilities for the taxable years 1976, 1977, 1978 and 1979, was nondischargeable.

7. The Government has alleged that necessary approvals had not first been obtained from certain Government officials with respect to the Agreed Order. The only proof offered is a certification that no record of such an approval has been found. Debtors, on the other hand, have established that all pleadings and orders were provided to the Special Procedures Staff of the Internal Revenue Service and the Agreed Order itself was reviewed by attorneys from the Department of Justice and the Office of District Counsel of the Internal Revenue Service. Under cover of a letter dated June 24, 1985, the proposed Order was provided to District Counsel Attorney Bernie Coniff, who reviewed the Order on behalf of the Internal Revenue Service for form and substance. Furthermore, the Agreed Order was endorsed on behalf of the United States of America by an Assistant United States Attorney who specifically approved of the Order "as to form and substance". In short, the Court finds that the weight of the evidence establishes that necessary approvals were obtained. In this regard, the Court notes the absence of any testimony by the Govern-

ment attorneys involved in the preparation or review of the Agreed Order.

8. Following the entry of the Agreed Order, representatives of the Debtors, on at least three separate occasions, provided copies of the Agreed Order to the Revenue Officer assigned to the case. The Revenue Officer testified that she received no advice from her legal advisors or from the Special Procedures Staff with respect to how she was to proceed in light of the Agreed Order and, in fact, was not even provided with a copy of the Agreed Order by her legal advisors.

9. Based upon the information provided to the Revenue Officer by representatives of the Debtors, the Revenue Officer obtained an Assignment of the promissory note which was the principal asset of the bankrupt estate and the Internal Revenue Service has since received payments under the note.

10. The Internal Revenue Service failed to issue a Release of Lien as required by the Agreed Order. The Government contends that the Lien expired and, as such, they complied with the requirements of the Agreed Order. The Revenue Officer testified that the reason the Lien was not refiled was that she simply missed the refiling date for the Federal Tax Lien and, as such, it expired by its own terms on April 24, 1986. The testimony established that the Lien remained in effect as a cloud upon the taxpayers' property rights and that all persons involved were proceeding on this assumption. The Court finds that the expiration of the Lien, over nine (9) months after this Court ordered the Lien released, did not constitute compliance with the Agreed Order.

11. The Court finds that the Agreed Order is clear and unambiguous and the obligations created thereby were understood by counsel for all parties. Despite repeated requests by Debtors' counsel, the Internal Revenue Service violated the Agreed Order.

12. On October 20, 1986, the Revenue Officer sent a letter to the Debtors' representative demanding payment of the discharged liabilities.

13. On January 12, 1987, the Internal Revenue Service sent a Collection Notice to Mr. Holland advising that an overpayment for his 1985 individual income taxes had been applied to the discharged taxes for the year 1973.

14. The conduct of the Internal Revenue Service in this matter has been inappropriate and unbecoming of an agency of the United States.

## II

Based upon the foregoing, it is Ordered:

■ 1. The Internal Revenue Service is found in civil contempt of the Agreed Order by continuing to pursue collection of discharged liabilities and by further failing to timely issue a Release of Lien.

■ 2. As a penalty for the contempt of the Internal Revenue Service to remedy the damage caused to the Debtors and to prevent such contemptible conduct from occurring in the future, the Internal Revenue Service is ordered to pay a fine to the Clerk of the Bankruptcy Court in the amount of $1,000,000.00. The contempt and the related penalty may be purged by the Internal Revenue Service issuing a Satisfaction of the tax set forth on the previously recorded Release of Lien. The Satisfaction shall specifically recite that "All income tax liabilities due from the Debtors for the taxable years 1972, 1973 and 1975 are forever satisfied and discharged." The Satisfaction shall be signed by authorized officials of the Internal Revenue Service and the Department of Justice and shall be provided to Debtors' counsel within fourteen (14) days of the date of this Order.

3. The Court will conduct a further hearing on damages. This hearing will determine the following:

A. The amount of legal expenses and related costs incurred by the Debtors in connection with any and all disputes concerning tax matters set forth in the Internal Revenue Service Proof of Claim, as amended;

B. Such other actual damages as may be established by the Debtors including

whether to award punitive damages and if so the amount of punitive damages.

4. The counsel for the parties are hereby directed to schedule a hearing at a mutually agreeable time for the determination of the amount of damages to Movant.